THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID WILLIAM TURPEN,<br><br>           Plaintiff,<br><br>   v.<br><br>KATHERINE DENISE ARQUETTE TURPEN, *et al.*,<br><br>           Defendants. | CASE NO. C22-0496-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Katherine Denise Arquette Turpen's motion to dismiss (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.    BACKGROUND

Plaintiff and Ms. Turpen[1] married in Auburn, Washington in 2014. (Dkt. No. 1 at 4.) Ms. Turpen is an enrolled member of the Muckleshoot Indian Tribe, but Plaintiff is not. (*Id.* at 2.) On March 16, 2021, Mr. Turpen filed a petition for dissolution of marriage in Muckleshoot Tribal Court. (*Id.* at 5.) That court issued an *ex parte* temporary restraining order on March 19. (*Id.*) It

---

[1] Because Plaintiff and Defendant share the same last name, the Court refers to Defendant as "Ms. Turpen" to avoid any confusion.

then held a hearing on the restraining order on March 30. (*Id.* at 6.) At the time, Plaintiff objected to that court's jurisdiction, stating that he wanted to get divorced in state court. (*Id.*) The Tribal Court denied Plaintiff's request and ordered the parties to mediation. (*Id.*) Plaintiff then moved to dismiss for lack of jurisdiction, which the Tribal Court denied after briefing and argument. (*Id.* at 7.) Plaintiff appealed the decision, which the Muckleshoot Tribal Court of Appeals denied. (*Id.*)

Plaintiff next filed suit in this Court, naming Ms. Turpen as a Defendant, along with the Muckleshoot Tribal Court, Muckleshoot Trial Court Judge Gary Bass, and Muckleshoot Court of Appeals Judges Jerry Ford, Michelle Sheldon, and Lisa Vanderford-Anderson (together, "Tribal Court Defendants"). (*See generally* Dkt. No. 1.) Plaintiff asks the Court to vacate the Muckleshoot Court of Appeals' decision and enjoin the Tribal Court from asserting jurisdiction over his dissolution action with Ms. Turpen. (*Id.* at 7.) Both Ms. Turpen and the Tribal Court Defendants answered Plaintiff's complaint. (Dkt. Nos. 11, 12.) Ms. Turpen now moves to dismiss, citing Rules 12(b)(2) and 12(b)(6). (Dkt. No. 17.)

**II.    DISCUSSION**

Under Rule 12(b), a motion asserting any of the defenses listed "must be made before pleading if a responsive pleading is allowed." An answer to a complaint is a responsive pleading. Fed. R. Civ. P. 7(a). And a party waives any defense listed in Rule 12(b)(2)–(5) by failing to include it in a responsive pleading. Fed. R. Civ. P. 12(h). Moreover, a Defendant who makes a general appearance by filing an answer waives any objections to personal jurisdiction. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Here, Ms. Turpen failed to object to this Court's personal jurisdiction in her answer to the complaint. She therefore waived objections on this basis. (Dkt. No. 12.)

However, Ms. Turpen also argues that this Court should dismiss the claims against her for failure to state a claim. (Dkt. No. 17 at 2–3.) Under Rule 12(b), a motion to dismiss for subject matter jurisdiction must also be made before pleading. But a motion seeking dismissal on this basis, such as through a Rule 12(c) motion, is permissible. Fed. R. Civ. P. 12(c), (h)(2); *see*

*Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Accordingly, the Court will recast the instant motion as one brought pursuant to Rule 12(c), at least for purposes of Ms. Turpen's argument that Plaintiff fails to state a claim upon which relief can be granted.

According to the complaint, the Muckleshoot Tribal Court and Court of Appeals acted without jurisdiction in the dissolution of the marriage. (Dkt. No. 1.) The complaint contains no allegations regarding unlawful conduct undertaken by Ms. Turpen. (*See generally id.*) Therefore, the complaint fails to state a claim for which relief can be granted against Ms. Turpen.

### III.  CONCLUSION

For the foregoing reasons, Ms. Turpen's motion seeking dismissal of the claims against her (Dkt. No. 17) is GRANTED in part. Those claims are dismissed without prejudice for failure to state a claim.

DATED this 14th day of December 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE