THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID WILLIAM TURPEN,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHERINE ARQUETTE TUPREN, *et al.*,<br><br>  Defendants. | CASE NO. C22-0496-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 21), motion to amend the case scheduling order (Dkt. No. 22), and request for attorney fees (Dkt. No. 27), as well as the Hon. Lisa Vanderford-Anderson, Michelle Lechich, and Jerry Ford's (collectively "Defendants") motion to quash and for a protective order (Dkt. No. 38), along with their requests to strike (Dkt. Nos. 36, 37). Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary, the Court DENIES the motions to compel and for attorney fees (Dkt. Nos. 21, 27), GRANTS in part and DENIES in part the motion to amend the case scheduling order (Dkt. No. 22), GRANTS the motion to quash and for a protective order (Dkt. No. 38), and DENIES the requests to strike (Dkt. Nos. 36, 37) for the reasons explained herein.

Plaintiff asks this Court to, amongst other things, vacate a Muckleshoot Tribal Court order dissolving his marriage. (*See generally* Dkt. No. 1.) The Court described Plaintiff's

specific allegations as contained in his complaint in a prior order and will not repeat them here. (*See* Dkt. No. 19.) After Plaintiff served the complaint, and upon the Court's instruction, the parties submitted a Rule 26(f) status report. (*See* Dkt. No. 15.) In response, the Court set a January 3, 2023 discovery cut-off date. (Dkt. No. 16.) Shortly after this date lapsed, Plaintiff moved to compel Defendants' response to, what at the time, were outstanding discovery requests. (Dkt. No. 21.) He later asked for attorney fees in filing his motion. (Dkt. No. 27.) Separately, but for the same reasons, Plaintiff also moved to amend the case management schedule,[1] including to extend the discovery cut-off. (Dkt. No. 22).

Plaintiff's motion to compel asks the Court to order Defendants to respond to requests for admission, requests for production, and interrogatories. (*See generally* Dkt. No. 21 at 1.) But since Plaintiff filed this motion, Defendants did, in fact, provide the responses sought. (*See* Dkt. No. 33 at 4–35 (responses with objections noted).) Therefore, Plaintiff's motion to compel (Dkt. No. 21) is DENIED as moot. The Court also DENIES Plaintiff's request for attorney fees in filing this motion. This is because, only in reply does he even make this request. (*See* Dkt. No. 31). And at no point does he adequately explain *why*. (*Id.*)

In belatedly responding to Plaintiff's discovery requests, Defendants lodged numerous objections, based primarily on relevancy. (*See* Dkt. No. 33 at 4–35.) They contended that the only issue raised by Plaintiff's complaint, and therefore relevant for purposes of discovery, is whether the Muckleshoot Tribal Court lacked jurisdiction over Plaintiff's marriage dissolution. (*See generally id.*; *see also* Dkt. No. 38 at 8–11 (Defendants' argument to the Court on the relevancy issue).) As such, according to Defendants, very little, if any, fact discovery was and is necessary in this matter. (*Id.*) This is because the legally relevant facts regarding Plaintiff's marriage and the Muckleshoot Indian Tribe's housing subsidy, which Plaintiff and his former spouse received, including the terms thereof, are undisputed. (*Id.*) On this basis, Defendants

---

[1] The parties stipulated to this extension on the record. (Dkt. No. 20). Plaintiff later withdrew it for unknown reasons. (Dkt. No. 25.)

moved to quash Plaintiff's outstanding subpoenas. (*See generally id.*) Defendants also moved for a protective order barring further discovery. (*Id.*)

Plaintiff contends that his complaint "plainly state[s]" a bad faith claim, which would necessitate further discovery. (Dkt. No. 39 at 3–4.) He gets there through the following pained logic: because his complaint asks for attorney fees, which could be recoverable upon a bad faith finding, the complaint necessarily states a bad faith claim. (*Id.* (citing *Dave Johnson Ins., Inc. v. Wright*, 275 P.3d 339, 354 (Wash. Ct. App. 2012).) But this logic does not hold up. Moreover, it is belied by the complaint. Nowhere does Plaintiff explain *why* he is entitled to attorney fees—only that he seeks this relief. (*See generally* Dkt. No. 1.) Rule 8 requires more. Plaintiff, like any complainant, must provide a "short and plain statement of the claim *showing that [he] is entitled to relief.*" Fed. R. Civ. P. 8 (emphasis added). This is nowhere to be found. (*See generally* Dkt. No. 1.) For this reason, Defendants' motion to quash and for a protective order (Dkt. No. 38) is GRANTED.

As mentioned above, Plaintiff also seeks to amend the case management order, along with attorney fees. (*See* Dkt. Nos. 22, 37). But Defendants' production adequately responds to the factual issues at issue in this case, based on the operative complaint. As such, no extension of the discovery cut-off is necessary (absent an amended complaint). That being said, the Court believes that this matter may benefit from mediation and dispositive motions. For this reason, Plaintiff's motion to amend the case management order (Dkt. No. 22) is GRANTED in part and DENIED in part. But Plaintiff's request for attorney fees in so moving (Dkt. No. 37) is DENIED for the same reasons as above—it is procedurally deficient and lacks supporting facts and argument.

Finally, Defendants ask the Court to strike both of Plaintiff's reply briefs. (Dkt. Nos. 31, 32.) They assert that the briefs impermissibly introduce argument on the issue of whether Plaintiff's request for attorney fees, as contained in his complaint, is sufficient to state a bad-faith claim (and open Defendants up to fact discovery). (Dkt. Nos. 36, 37.) The Court agrees with

Defendants. A reply brief is not the place to make new argument or add allegations to a complaint. *See, e.g.*, *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010). And for this reason, the portion of Plaintiff's briefs (Dkt. Nos. 31, 32) addressing the import of his request for attorney fees is improper. But rather than strike the offending text, the Court has disregarded here, in the interest of expediency. *See AT & T Mobility LLC v. Holaday-Parks-Fabricators, Inc.*, 2011 WL 5825714, slip op. at 2 (W.D. Wash. 2011). As such, this moots Defendants' requests to strike (Dkt. Nos. 36, 37).

Based on above, it is hereby ORDERED as follows:

1. No further discovery on the instant complaint (Dkt. No. 1) is permissible;
2. Should Plaintiff wish to amend his complaint, which could allow for additional discovery, Plaintiff must seek leave to do so in accordance with LCR 15 no later than March 17, 2023; and
3. Absent leave to amend, the case management schedule is modified as follows:
    a. Mediation deadline: April 14, 2023
    b. Dispositive motion deadline: April 28, 2023
    c. Pretrial order due: July 31, 2023
    d. Trial date: August 7, 2023.

DATED this 6th day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-0065-JCC
PAGE - 4